IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| KAYLA P. REED, | |
|---|---|
| Plaintiff, | 4:21CV3051 |
| vs. | |
| SARAH JONES, TOBY SMITH, NORTH PLATTE POLICE DEPARTMENT, LINCOLN COUNTY DETENTION CENTER, JAMES HAGEN, and ADAM CHARTER, | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues four North Platte, Nebraska, police officers in their individual capacities (Sarah Jones, Toby Smith, James Hagen, and Adam Charter), as well as the Lincoln County Detention Center and the North Platte Police Department pursuant to 42 U.S.C. § 1983 for violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments; under 18 U.S.C. §§ 241 and 242; and for "extortion, bribery, theft, harassment, false imprisonment, kidnapping, ransom[]." (Filing 1 at CM/ECF p. 5.) In a supplemental filing, Plaintiff claims Defendants violated her rights to liberty, property, to be secure, and to use the highways. She also claims false imprisonment. (Filing 7 at CM/ECF p. 2.)

Plaintiff alleges that officers of the North Platte Police Department, including the Defendant officers, stop her in her vehicle—which she says is "private property"

that does not require a driver's license—"every other week," force her to give her name and other information, issue her "unlawful citations," and, if she protests the unlawful stops, send her to jail until she pays a fee. (Filing 1 at CM/ECF pp. 9-12.) Attached to Plaintiff's Complaint are citations issued to her by Defendants Hagen and Charter for no operator's license, unlawful display of plate, no proof of insurance, no proof of ownership, and no valid registration. (Filing 1 at CM/ECF pp. 13-14.) Also attached to the Complaint are photographs of what the court presumes to be Plaintiff's vehicle with "Private Property No Trespassing" signs affixed to the front and back of her vehicle instead of state license plates. (Filing 1 at CM/ECF p. 18.)[1]

Plaintiff requests a protection order against the North Platte Police Department and $500,000 in damages. (*Id*. at CM/ECF p. 6.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

---

[1] Similar photos were part of the record in *King v. Allison*, No. 4:21CV3052 (D. Neb.), and *Reed v. Hovey*, No. 4:20CV3151 (D. Neb.).

2

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation marks and citations omitted). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

As in Plaintiff's prior cases in this court, Plaintiff's claims seem to stem from her "quixotic belief that she has the right to drive a vehicle without registering the vehicle or obtaining an operator's license." *Reed v. Turnbull*, No. 8:21CV205, Filing 7 (D. Neb. June 2, 2021) (citing Plaintiff's other similar cases in this court).[2]

---

[2] *See also Reed v. Hovey*, No. 4:20CV3151, Filing 12 at CM/ECF pp. 5-6 n.2, *available at* 2021 WL 949612, at *2 n.2 (D. Neb. Mar. 12, 2021):

> The Court notes that the plaintiffs' legal theory about the purported inviolability of non-commercial vehicles is unusual, but not unprecedented—courts have seen it before, and uniformly rejected it. *E.g. Garvich v. State of Ga.*, No. 3:20-CV-122, 2020 WL 8766016 (N.D. Ga. Dec. 8, 2020); *Galluzzo v. Springhetti*, No. 3:19-CV-171, 2020 WL 5937885 (S.D. Ohio Oct. 5, 2020); *Ammiyhuwd v. Lazares*, No. 1:17-CV-833, 2019 WL 1495922 (S.D. Ohio Apr. 4, 2019); *Cargile v. Michigan*, No. 10-cv-72, 2010 WL 3222024 (E.D. Mich. June 18, 2010); *Mahan v. Huber*, No. 09-CV-98, 2010 WL 749815 (D. Colo. Mar. 2, 2010); *Wofford v. Hayward*, No. 05-cv-3355, 2005 WL 3027428 (N.D. Cal. Nov. 10, 2005); *State v. Skurdal*, 767 P.2d 304 (Mont. 1988); *State v. Kouba*, 319 N.W.2d 161 (N.D. 1982); *Halajian v. D & B Towing*, 146 Cal. Rptr. 3d 646 (Ct. App. 2012); *Dowis v. State*, 501 S.E.2d 275 (Ga. Ct. App. 1998); *Stautzenberger v. State*, No. 03-96-665-CR, 1997 WL 420999 (Tex. App. July 24, 1997); *State v. Crisman*, 846 P.2d 928, 932 (Idaho Ct. App. 1992); *State v. Davis*, 745 S.W.2d 249 (Mo. Ct. App. 1988); *see generally* Francis X. Sullivan, *The "Usurping Octopus of Jurisdictional/Authority": The Legal*

## A. Fourth Amendment Claim

Vehicles without license plates or "in transit" stickers are illegal in Nebraska. Neb. Rev. Stat. § 60-399 (Westlaw 2021); *see* Neb. Rev. Stat. § 60-376 (Westlaw 2021). Here, the fictitious license plates clearly visible on Plaintiff's car provided reasonable suspicion for traffic stops because traffic stops are reasonable under the Fourth Amendment if they are supported by either probable cause or an articulable and reasonable suspicion that a traffic violation has occurred. *United States v. Herrera-Gonzalez,* 474 F.3d 1105, 1109 (8th Cir. 2007); *see United States v. Hollins*, 685 F.3d 703, 706 (8th Cir. 2012); *State v. Bowers*, 548 N.W.2d 725, 729 (Neb. 1996).

Once a lawful traffic stop is made, a law enforcement officer may request the driver's license and registration, request that the driver step out of the vehicle, request that the driver wait in the patrol car, conduct computer inquiries to determine the validity of the license and registration, conduct computer searches to investigate the driver's criminal history and to determine if the driver has outstanding warrants, and make inquiries as to the motorist's destination and purpose. *United States v. Jones*, 269 F.3d 919, 924 (8th Cir. 2001); *see United States v. Clayborn*, 339 F.3d 700, 702 (8th Cir. 2003); *United States v. Winters*, 221 F.3d 1039, 1041 (8th Cir. 2000). After that, the Fourth Amendment permits a law enforcement officer to make a warrantless arrest if he has probable cause to believe the arrestee has committed an offense—even a minor offense. *Lawyer v. City of Council Bluffs*, 361 F.3d 1099, 1105-06 (8th Cir. 2004).

Plaintiff's Complaint does not contain sufficient facts for the court to draw a reasonable inference that the Defendant police officers violated Plaintiff's Fourth Amendment rights by initiating traffic stops, issuing citations, eliciting information

---

*Theories of the Sovereign Citizen Movement*, 1999 Wis. L. Rev. 785, 799 (1999).

from Plaintiff, placing Plaintiff under arrest, and briefly detaining Plaintiff in jail. *See Reed,* No. 4:20CV3151, Filing 12, *available at* 2021 WL 949612 (D. Neb. Mar. 12, 2021) (fact that vehicle was not displaying proper Nebraska license plates was dispositive of Fourth Amendment claims advanced by same plaintiff).

## B. Fifth Amendment

The Plaintiff's reference to the Fifth Amendment appears to be invoking the Fifth Amendment right against self-incrimination. The only discernable basis for such a claim would be that Plaintiff was asked to produce documentation, which is not a Fifth Amendment violation on these facts. *See United States v. Bohn*, 622 F.3d 1129, 1137 (9th Cir. 2010) (Fifth Amendment does not prohibit compelled disclosure of individual's name absent reasonable belief that disclosure would tend to incriminate him); *see also Hiibel v. Sixth Jud. Dist. Ct. of Nevada, Humboldt Cty.*, 124 S. Ct. 2451, 2460-61 (2004) ("Answering a request to disclose a name is likely to be so insignificant in the scheme of things as to be incriminating only in unusual circumstances."); *United States v. Adeyemo*, 819 F. App'x 469, 470 (8th Cir. 2020).

## C. First, Eighth & Fourteenth Amendments

The court is unable to discern on what basis Plaintiff is claiming her rights under the First[3], Eighth[4], and Fourteenth[5] Amendments were violated. As noted

---

[3] The First Amendment, which is made applicable to the states through the Fourteenth Amendment, states: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

[4] *See Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) (Eighth Amendment has no application until there has been formal adjudication of guilt).

[5] *Reed*, No. 4:20-CV-3151, 2021 WL 949612, at *4 (no Fourteenth Amendment claim was stated in case with similar facts brought by same plaintiff).

above, Plaintiff's constitutional claims seem to be based on the misguided belief, which she has advanced in other cases filed in this court, that motor-vehicle registration and licensing laws do not apply to her as a "sovereign citizen." Such a claim is frivolous. *See King v. Turnbull*, No. 4:21CV3003, 2021 WL 1293307, at *2 (D. Neb. Apr. 7, 2021) (dismissing similar sovereign-citizen claim as frivolous and citing cases in which such theory has been rejected as frivolous and as failing to state claim); *see also Reed*, No. 4:20-CV-3151, 2021 WL 949612, at *2-3 & n.2 (rejecting theory that non-commercial motor vehicle need not be registered and that the driver thereof need not be licensed).

## D. Federal Criminal Statutes

Plaintiff also asserts claims under 18 U.S.C. §§ 241 and 242. There is no private right of action under these criminal statutes. *Carter v. Muldoon*, No. 8:17CV319, 2018 WL 2049841, at *4 (D. Neb. May 1, 2018) (citing cases).

## E. State-Law Claims

The court need not consider whether any plausible state-law claims are alleged because the court would decline to exercise supplemental jurisdiction over such claims if the federal claims are dismissed. *Starkey v. Amber Enterprises, Inc.*, 987 F.3d 758, 765 (8th Cir. 2021) (in the usual case where all federal claims are dismissed, the balance of factors will point toward declining to exercise jurisdiction over remaining state-law claims); *Reed*, 2021 WL 949612, at *5.

## F. North Platte Police Department

The North Platte Police Department is not a proper defendant, and must be dismissed from the action.[6] *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81,

---

[6] The court will give Plaintiff leave to file an amended complaint, in which the City of North Platte may be named as a defendant, but in order to state a claim

82 (8th Cir. 1992) (city police department not suable juridical entity because it is department or subdivision of city government); *Fehderau v. Omaha Police Dep't*, No. 8:18CV592, 2019 WL 4858303, at *2 (D. Neb. Oct. 2, 2019) ("Plaintiff cannot maintain a § 1983 action against the Omaha Police Department because it is not a distinct legal entity amenable to suit under § 1983."); *Meyer v. Lincoln Police Dep't*, 347 F. Supp. 2d 706, 706 (D. Neb. 2004) (city police department not subject to suit because it is agency of the city, which is a political subdivision, and has no separate legal status under Nebraska law).

## G. Lincoln County Detention Center

The Lincoln County Detention Center must be dismissed as a Defendant because a county jail is not a distinct legal entity subject to suit. *See Dan v. Douglas Cty. Dep't of Corr.*, No. 8:06CV714, 2009 WL 483837, at *4 (D. Neb. Feb. 25,

---

against the City, it must be shown that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). "Official policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). Alternatively, a plaintiff may establish municipal liability through an unofficial custom by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation." *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal-liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

7

2009) ("the Department of Corrections and other units within the DCCC and Douglas County lack the legal capacity to sue or be sued in their own names"); *see also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit.").

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is subject to pre-service dismissal under 28 U.S.C. § 1915(e)(2). However, the court on its own motion will give Plaintiff 30 days to file an amended complaint that states a plausible claim for relief. Otherwise, this action will be dismissed.

IT IS ORDERED:

1. Plaintiff's claims against Defendants North Platte Police Department and Lincoln County Detention Center are dismissed, and such parties shall no longer be parties to this action.

2. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

3. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event she files an amended complaint.

5. The Clerk of the Court is directed to set a pro se case management deadline using the following text: August 11, 2021—amended complaint due.

6. Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 12th day of July, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge